UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rebekah Traxler, on behalf of herself and all others similarly situated, | ) ) ) ) | CASE NO. |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| vs. | ) ) | (Jury Demand Endorsed Herein) |
| Myers Industries, Inc. | ) ) | |
| Defendant. | ) | |

Now comes Plaintiff, Rebekah Traxler, on behalf of herself and all others similarly situated, by and through counsel, and for her Complaint against Defendant, Myers Industries, Inc., states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant, Myers Industries, Inc. was a for profit corporation, organized and incorporated in the State of Ohio, doing and conducting business throughout the United States, including in this District and Division, and has its principle office within Ohio located at 1293 South Main Street, Akron, Ohio 44301.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Myers Industries, Inc. is a diversified, international plastics manufacturer of returnable packaging, storage, and safety products and specialty molding. It is also the largest tire repair supply distributor in the United States.

13. Plaintiff is a resident of the State of Ohio and has been employed by Defendant at

their Wadsworth, Ohio location since August 30, 2016.

14. Other similarly-situated employees were employed by Defendant as non-exempt employees in Ohio.

15. Plaintiff and other similarly-situated employees were classified by Defendant as non-exempt employees.

16. Plaintiff and other similarly-situated non-exempt employees were paid by Defendant on an hourly basis.

17. The same policies and procedures related to the Dayforce and Kazoo Applications were applicable to Plaintiff and other similarly situated non-exempt employees. Defendant uniformly applied the policies, practices, and procedures to all non-exempt employees related to employee off-the-clock on the Dayforce and Kazoo Applications.

18. Plaintiff and other similarly-situated non-exempt employees were subjected to the same willful and unlawful scheme in which Defendant failed to pay them for all hours worked off-the-clock on the Dayforce Application and Kazoo Application, depriving them of overtime compensation for all of the hours they worked over 40 each workweek.

**(Failure to Pay for All Hours Worked)**

19. Defendant has instituted and enforced a policy which requires and/or permits and/or suffers employees to regularly login to the Dayforce Application and Kazoo Application during non-shift hours to complete trainings in addition to writing, reading, and responding to messages, and other tasks.

20. The off-the-clock time spent on the Dayforce and Kazoo Applications is not *de minimis* and usually amounts to approximately 10-15 minutes of uncompensated labor per day.

21. Defendant arbitrarily failed to count this work performed by Plaintiff and other

non-exempt employees as "hours worked."

22. Plaintiff and other non-exempt employees performed this unpaid work regularly and it constitutes a part of their fixed and regular working time.

23. Plaintiff estimates that she and other non-exempt employees spend an average of 10-15 minutes each day on the Dayforce and Kazoo Applications.

24. This unpaid work performed by Plaintiff and other non-exempt was practically ascertainable to Defendant.

25. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other non-exempt employees.

26. This unpaid work performed by Plaintiff and other non-exempt employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

27. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other non-exempt employees.

28. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated non-exempt employees' for off-the-clock work.

**(Failure to Pay Overtime Compensation)**

29. As a result of Plaintiff and other non-exempt employees not being paid for all hours worked, Plaintiff and other non-exempt employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

31. Defendant forced Plaintiff and other similarly situated non-exempt employees to perform various tasks and forms of labor without being clocked in.

32. As such, Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other non-exempt employees.

33. The amount of time Plaintiff and other non-exempt employees spent on their required and unpaid work amounted to approximately 10 to 15 minutes per day.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current non-exempt employees of Myers Industries, Inc. nationwide during any period of time between November 6, 2017 and the present.

36. Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it consists of several thousand persons.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is a representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

38. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf herself and all other members of the class ("the Ohio Class") defined as:

> All former and current non-exempt employees by Myers Industries, Inc. in the State of Ohio during any period of time between November 6, 2017 and the present.

40. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 1,000 persons.

41. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   a) whether Defendant failed to pay non-exempt employees for all hours worked each day;

   b) whether Defendant failed to pay overtime compensation to their non-exempt employees for hours worked in excess of 40 each workweek;

   c) whether Defendant's actions were knowing and willful; and

   d) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

42. Named Plaintiff Rebekah Traxler will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the

interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendant regularly, uniformly, and systematically failed to pay Plaintiff and other similarly situated non-exempt employees for work performed on the Dayforce and Kazoo Applications.

47. Defendant's practice and policy of not paying Plaintiff and other non-exempt employees for work performed on the Dayforce and Kazoo Applications violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

48. Defendant regularly, uniformly, and systematically failed to pay Plaintiff and other similarly situated non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek.

49. Defendant's practice and policy of not paying Plaintiff and other non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

50. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other non-exempt employees violated the FLSA, 29 CFR 516.2(a)(7).

51. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

52. As a result of Defendant's practices and policies, Plaintiff and other non-exempt employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Defendant's practice and policy of practice and policy of not paying Plaintiff and other non-exempt employees for work performed off-the-clock on the Dayforce and Kazoo Applications violated the OMFWSA, R.C. 4111.03.

55. Defendant's practice and policy of not paying Plaintiff and other non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

56. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated non-exempt employees violated the OMFWSA, R.C. 4111.03.

57. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated non-exempt employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendant liable, and:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,


s/ *Michael L. Fradin*
Michael L. Fradin
Law Office of Michael L. Fradin
8 N. Court St. Suite 403
Athens, Ohio 45701
Phone: 847-986-5889
Facsimile: 847-673-1228
mike@fradinlaw.com


## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.


/s/ *Michael L. Fradin*
One of the Attorneys for Plaintiff